IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00048-01 DAE |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| DEON JOSEPH,        (01) | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OF LAW |
| _____ | ) | |

MEMORANDUM OF LAW

I.  DEFENDANT SHOULD BE PERMITTED TO WITHDRAW HIS GUILTY PLEA
ON THE GROUNDS THAT HIS PRIOR COUNSEL(S) AND/OR THE GOVERNMENT
MISLEAD OR MISREPRESENTED FACTS WHICH CAUSED HIM TO CHANGE HIS
PLEA ON FEBRUARY 12, 2004.

Ineffective assistance of counsel is a ground for
withdrawing a guilty plea.  U.S. v. Couto, 311 F.3d 179 (2nd.
Cir. 2002).  Defendant's beliefs based upon misrepresentations
of his counsel, the district court, and the government will
render a plea involuntary.  U.S. v. Cortez, 973 F.2d 764 (9th
Cir. 1992).  The Defendant Deon Joseph will testify upon facts
which will be the basis of his claims for ineffective
assistance of counsel and his resultant "involuntary" plea.

II.  THE COURT FAILED TO SUFFICIENTLY COMPLY WITH THE
REQUIREMENTS OF RULE 11, FRCP, WHICH AFFECTED DEFENDANT'S
SUBSTANTIAL RIGHTS.

Rule 11, FRCP, requires the Court to address the Defendant
in open court and to inform the Defendant of the specific legal
rights prior to his plea.  Among those required rights are the
right at trial to cross-examine adverse witnesses and the

government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath.  Rules 11(A)/(E), FRCP.  Neither of these rights were given to the Defendant prior to or during his plea.  (See Exhibit "A" attached herein).

The "Fair and Just" standard rather than the "manifest injustice" standard applies here.  U.S. v. Ruiz, 257 F.3d 1030 (9th Cir. 2001).  The "Fair and Just" standard applies when the request for withdrawal of a plea occurs before sentence.  U.S. v. Hyde, 520 U.S. 670, 117 S.Ct. 1630, 137 LEd.2d 935 (1997).

While some variance in the Court's strict compliance is permitted where there is only harmless error, the variance can not be harmless error if it affects the substantial rights of the Defendant.  Rule 11(h), FRCP.  U.S. v. Vonn, 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); U.S. v. Van Doren, 182 F.3d 1077 (9th Cir. 1999).

Defendant will testify that both of the above-stated rights were important to him in making his decision to enter his change of plea.

However, see U.S. v. Stead, 746 F.2d 355, certiorari denied, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1984) and U.S. v. Gomez-Cuevas, 917 F.2d 1521 (10th Cir. 1990), where the district court's failure to advise on the right to cross-examination was harmless error.

III.  THE COURT SHOULD TREAT DEFENDENT'S REQUEST FOR WITHDRAWAL OF HIS PLEA PURSUANT TO RULE 11(d)(1), WHERE THE DEFENDANT IS NOT REQUIRED TO PROVIDE ANY REASON WHATSOEVER.

Rule 11(d) states; "A defendant may withdraw a plea of guilty...: (1) before the court accepts the plea, for any reason or no reason."

The Defendant is alleging ineffective assistance of counsel.  That said counsel was his counsel who the defendant claims mislead and misrepresented crucial facts to him which caused him to enter his guilty plea.  Further, Defendant had only 10 days in which to withdraw his guilty plea before his right to challenge the plea was deemed waived.  Defendant was never advised that he had only ten days to withdraw or challenge his guilty plea.  Defendant only discovered the misrepresentations by his counsel after the period of time had expired and the Court had formally accepted his plea in writing.

Therefore, the acceptance of Defendant's plea was unknowingly made by the court when Defendant had not yet discovered the misrepresentations made by his counsel.  It was this same counsel who did not advise him that he only had 10 days to withdraw his guilty plea or challenge his plea.  And, it was this same counsel who the defendant claims made false representations which cause the defendant to enter his change of plea in the first place.  The Court should find the acceptance of the plea null and void.  The acceptance of the

- 3 -

plea should be set aside.  The Defendant should not be required to even have to give any reason for withdrawal of his guilty plea.

For all foregoing reasons and viewing the circumstances in its totality, this court should permit the defendant to withdraw his guilty plea and proceed to a jury trial.

Dated:  Honolulu, Hawaii, March 13, 2006.

_____
LOUIS MICHAEL CHING, ESQ.
Attorney for Defendant
DEON JOSEPH

- 4 -