```
 1              UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF HAWAII
 2
    UNITED STATES OF AMERICA,    )    CR No. 03-00048DAE
 3                               )
                   Plaintiff,    )    Honolulu, Hawaii
 4                               )    February 12, 2004
                                 )    1:05 p.m.
 5            v.                 )
                                 )
 6   DEON JOSEPH,                )
                                 )
 7                 Defendant.    )
    _____)
 8
```

```
 9      TRANSCRIPT OF WITHDRAWAL OF NOT GUILTY PLEA AND TO PLEAD ANEW
             BEFORE THE HONORABLE LESLIE E. KOBAYASHI
10                UNITED STATES MAGISTRATE JUDGE.
```

```
11   APPEARANCES:

12   For the Plaintiff:         U.S. ATTORNEY'S OFFICE
                                By: BEVERLY WEE SAMESHIMA, ESQ.
13                              300 Ala Moana Boulevard, #6100
                                Honolulu, Hawaii 96850
14
     For the Defendant:         RANDALL OYAMA, ESQ.
15                              888 Mililani Street, PH2
                                Honolulu, Hawaii 96813
16

17

18   Transcriber:              Jessica B. Cahill
                                P.O. Box 1652
19                              Wailuku, Maui, Hawaii 96793
                                Telephone: (808)244-0776
20

21

22

23   Proceedings recorded by electronic sound recording, transcript
     produced by transcription service
24

25
26
```

# EXHIBIT _A_

1          THE CLERK:  This Honorable Court is now in session.

2    Please be seated.  Criminal 03-00048DAE, United States of

3    America versus defendant one, Deon Joseph.  This case has been

4    called for hearing on a motion for withdrawal of not guilty plea

5    and to plead anew.

6          MS. SAMESHIMA:  Yes, good afternoon, your Honor,

7    Beverly Wee Sameshima on behalf of the United States together

8    with special agent Dennis Imamura of the Bureau of Immigration

9    and Customs Enforcement.

10          THE COURT:  All right.  Good afternoon to you both.

11          MR. OYAMA:  Good afternoon, your Honor, Randy Oyama

12    appearing on behalf of Deon Joseph who is present in Court

13    today.

14          THE COURT:  All right.  Good afternoon to you both.

15    The record will reflect the presence of Mr. Joseph.  Mr. Joseph,

16    is it your intention today to plead guilty as charged to Counts

17    1 and 2 of the indictment?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  All right.  Before the Court can accept

20    your guilty plea I must know that you understand what you are

21    doing, that you are pleading guilty freely and voluntarily, that

22    there is a factual basis for your change of plea, and that the

23    ends of justice would be met by permitting you to plead guilty.

24          To make sure that you understand I will ask you

25    questions.  If at any time you do not understand or hear the

1  questions I ask of you please say so.  Do you understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Mr. Nakamura, will you please swear Mr.

4  Joseph?

5                      DEON JOSEPH

6  Was called by the Court and after having been first duly sworn

7  was examined and testified as follows:

8          THE COURT:  What is your full name?

9          THE DEFENDANT:  Deon Devon Emmanuel Joseph.

10         THE COURT:  How old are you?

11         THE DEFENDANT:  35 years old.

12         THE COURT:  How far did you go in school?

13         THE DEFENDANT:  I got a bachelor's in -- in business

14 and a minor in computer science.

15         THE COURT:  All right.  So, you can read and write in

16 English; correct?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  All right.  Have you taken any medication,

19 alcohol or drugs of any kind today?

20         THE DEFENDANT:  At the moment I'm taking Ibuprofen for

21 and -- and Penicillin.  That's about it.

22         THE COURT:  All right.  And any of these medications

23 affect your ability to think or make decisions?

24         THE DEFENDANT:  No, your Honor.

25         THE COURT:  All right.  Are you feeling well and alert

1   and able to understand today what's going on?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  Have you been treated recently for any

4   mental illness or addiction to narcotic drugs of any kind?

5           THE DEFENDANT:  No, your Honor.

6           THE COURT:  Mr. Oyama, to the best of your knowledge

7   is your client fully competent and capable of entering a valid

8   plea?

9           MR. OYAMA:  Yes, your Honor.

10          THE COURT:  The Court finds the defendant is fully

11  competent and capable of entering a valid plea.  Now, Mr.

12  Joseph, you have the right to plead or enter your plea before a

13  Untied States District Judge, in this case Chief Judge Ezra.  If

14  you consent, however, you can enter your plea here today before

15  me as a United States Magistrate Judge, and then Judge Ezra will

16  impose sentence at a later date.  Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you wish to consent to enter your plea

19  before me here today?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  I have the Rule 11 consent file-marked

22  February 12th, 2004, and on the second page there are three

23  signatures.  Is that your signature, Mr. Joseph?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  All right.  And, Mr. Oyama, did you

1  discuss this form with your client, and are you fully satisfied

2  yourself that he understands it?

3          MR. OYAMA:  I did, your Honor, and he understands it.

4          THE COURT:  And you signed it also; is that correct?

5          MR. OYAMA:  Yes, your Honor.

6          THE COURT:  The Court finds the defendant has

7  consented to enter his plea before a United States Magistrate

8  Judge.  Mr. Joseph, have you received a copy of the indictment

9  pending against you that is the written charges against you in

10  this case?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Have you discussed those charges and all

13  the facts surrounding those charges with your lawyer Mr. Oyama?

14          THE DEFENDANT:  Yes, your Honor.  And if I may say I

15  have some concerns with -- with a paragraph in this -- in this

16  agreement.

17          MR. OYAMA:  He's referring to the sheet that the

18  Government gave you, your Honor.

19          THE COURT:  All right.  Yeah, and -- and these --

20  these are definitely what the Government is representing and --

21  and there's no -- they're not saying that you would agree to

22  this.  So, you're not agreeing to it.  And I will ask you at one

23  point what it is that you did that makes you guilty of the

24  offenses that you wish to plead guilty to, and you have to tell

25  me in your own words.

1          At one point I will ask Ms. Sameshima what -- what

2    evidence she expects to show at trial if this went to trial, and

3    I think she'll go into what she has written in her letter of

4    February 10.  You may not agree with those facts, but that's

5    what she may represent to the Court.  And I will go to a point

6    though and ask you what it is that you did that makes you guilty

7    of Counts 1 and 2, and -- and you need to tell me that at that

8    time.

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  All right.  Now, are -- are you fully

11   satisfied with the legal representation that you've received

12   from Mr. Oyama in this case?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Okay.  And, Mr. Oyama, are your client's

15   guilty pleas pur -- pursuant to your advice and recommendation

16   here today?

17         MR. OYAMA:  They are, your Honor.

18         THE COURT:  All right.  For the offenses charged in

19   Counts 1 and 2 of the indictment, Ms. Sameshima, if you would

20   state for the Court and Mr. Joseph what are the potential

21   penalties he would face if he enters guilty pleas to both these

22   Counts including any -- the maximum period of imprisonment, any

23   mandatory minimum, maximum and minimum fines, maximum and

24   mandatory minimum periods of supervised release, and what

25   special penalty assessments apply.

7

1          MS. SAMESHIMA:  Yes, your Honor.  With respect to both

2   Counts 1 and 2 the minimum term of the sentences are a minimum

3   of five years in prison with respect to each of those two counts

4   and a maximum of 40 years in prison.  For both of the Counts, a

5   fine from zero to $2 million, a term of supervised release of a

6   minimum of four years and potentially up to life, and there is a

7   $100.00 special assessment for each of Counts 1 and 2, which

8   means that it would be a total special assessment of $200.00.

9          THE COURT:  All right.  Mr. Oyama, do you agree with

10  that summary as to the potential penalties?

11         MR. OYAMA:  I do, your Honor.

12         THE COURT:  All right.  Mr. Joseph, do you understand

13  these are the possible penalties which would apply if you enter

14  guilty pleas to Counts 1 and 2?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  All right.  If you are convicted of more

17  than one offense -- so, if you plead guilty to both of those you

18  would be convicted of more than one offense.  The Court has the

19  authority to order what's called consecutive sentences.  If the

20  Court did so you would have to serve those sentences one at a

21  time.  Do you understand that?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  During a period of supervised release you

24  would have to comply with a set of conditions that will be

25  explained to you by your probation officer.  These conditions

1  would include that you obey the law, report to the probation

2  officer as required and other requirements.

3          If the Court found that you violated any of these

4  conditions you could be ordered to serve additional prison time.

5  Do you understand that?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Are you presently on probation, parole or

8  supervised release on any other case?

9          THE DEFENDANT:  No, your Honor.

10          THE COURT:  Does the United States contend that any

11  offense to which he is today pleading guilty occurred while he

12  was out on bond in relation to some other Federal criminal

13  charge, Ms. Sameshima?

14          MS. SAMESHIMA:  No.  No, your Honor.

15          THE COURT:  If you are convicted of the charges in

16  this case you may lose valuable civil rights as a citizen of the

17  United States including the right to vote, the right to serve on

18  a jury, the right to possess any kind of firearm, and the right

19  to hold public office.  Do you understand that, Mr. Joseph?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  The United States Sentencing Commission

22  has issued guidelines for judges to use in determining sentences

23  in a criminal case.  Have you and your lawyer talked about these

24  guidelines and how they may apply to you and your case?

25          THE DEFENDANT:  Yes, your Honor.

1       THE COURT:  Do you understand that the Court will not

2  be able to determine the guideline sentence for your case until

3  after the presentence report has been prepared, and until after

4  you and the Government have had an opportunity to read that

5  report and to comment on the reported facts and the application

6  of the guidelines as recommended by the probation officer?

7       THE DEFENDANT:  Yes, your Honor.

8       THE COURT:  Do you also understand that any sentence

9  imposed may be different from any estimate your attorney may

10 have given you?

11      THE DEFENDANT:  Yes, your Honor.

12      THE COURT:  Okay.  Do you also understand that after

13 your guideline range has been determined the Court has the

14 authority in some circumstances to depart from the guidelines

15 and to impose a sentence that may be more severe or less severe

16 than what's required by the guidelines?

17      THE DEFENDANT:  Yes, your Honor.

18      THE COURT:  If the sentence is more severe than you

19 expected you will still be bound by your pleas.  So, even if you

20 don't like the sentence imposed by the Court you will not be

21 able to take back your plea.  The time to make that decision is

22 now.  Do you understand?

23      THE DEFENDANT:  Yes, your Honor.

24      THE COURT:  All right.  Parole has been abolished.  If

25 sentenced to prison you will not be released on parole.  Do you

1  understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Has anyone made any promises or assurances

4  of any kind in order to get you to plead guilty?

5          THE DEFENDANT:  Uh, that's -- that's a complicated

6  question, your Honor.  I have some -- I have written five

7  letters, one letter to you and four letters to Mr. -- to the

8  Honorable Ezra.  In those letters I've stated all the things

9  which seems to me deemed to be very serious.  I've gotten no

10 response.

11         So, when you ask me if I've been forced, I've been

12 promised, I can say in my first debriefing I was given a

13 promise, and this was 12 months ago.

14         Now, we sit here 12 months after and there's a total

15 -- total U-turn in -- in -- I've had -- I've had three different

16 attorneys.  This is my third attorney.

17         THE COURT:  Uh-huh.

18         THE DEFENDANT:  And I've been lied to, I've been given

19 implausible answers.  I've never hesitated about any questions

20 asked, and I'm the one that's been charged here.

21         THE COURT:  Uh-huh.

22         THE DEFENDANT:  And I promised to testify and do

23 whatever they asked me to do, and I still will.  Without going

24 into detail, because I -- like I said I've mailed those letters,

25 one to you, ma'am, your Honor --

1              THE COURT:  Right.

2              THE DEFENDANT:  -- and four to Mr. Ezra.  And --

3              THE COURT:  Right.  And those have been actually

4    forwarded to your attorneys at the time for them to take that up

5    with the Court, because you can't communicate directly with the

6    Court and to file any motion.

7              As a result of those I think you've had a replacement

8    counsel, and so, Mr. Oyama is your attorney today.  So, I know

9    that you're pleading guilty, or it's been represented to me that

10   you are pleading guilty to these charges and that there's no

11   plea agreement.

12             There's no agreement by the Government to you that

13   they'll take any position with regard to sentencing or dismiss

14   any charges or what have you, and no promise by you to the

15   Government in terms of cooperation or anything else.

16             So, I need to know if you are pleading guilty, because

17   you are in fact guilty to Counts 1 and 2, and you know that

18   you're going to plead guilty and go forward with the sentencing,

19   or if you're pleading guilty, because you believe some promises

20   have been made to you with regard to sentencing or anything

21   else.

22             THE DEFENDANT:  No, no promises was -- was ever made

23   as far as sentencing, your Honor.  I'm -- and I'm pleading

24   guilty, because I am guilty, but I tried to plead guilty the

25   first time I was in front of you, and this was 12 months ago.

```
1              THE COURT:  Right.

2              THE DEFENDANT:  And I was persuade -- persuaded not to

3    plead guilty.

4              THE COURT:  Okay.

5              THE DEFENDANT:  I've spoken to the gentleman to the

6    right of --

7              THE COURT:  Uh-huh.

8              THE DEFENDANT:  -- I'm sorry, I can't remember his

9    name.

10             THE COURT:  Ms. Sameshima.  Uh-huh, yeah.  Mr. --

11   Agent Iwamura.

12             THE DEFENDANT:  Agent Iwamura.

13             THE COURT:  Uh-huh.

14             THE DEFENDANT:  And in that -- in that meeting they

15   had decided to have me as far as staying in this country,

16   because -- because of the case and -- and the complication of

17   this case I cannot go back to where I'm from, or nowhere close

18   to where I'm from.

19             THE COURT:  Uh-huh.

20             THE DEFENDANT:  And the people that I'm dealing with

21   are connected not only in the Caribbean, it's also South America

22   and also in this country.

23             THE COURT:  Uh-huh.  So, you're not a citizen of the

24   United States.

25             THE DEFENDANT:  No.  No, your Honor.
```

1              THE COURT:  Okay.  So, what I need to warn you is that

2    if you do plead guilty a conviction in this case might also

3    affect your right to remain in this country.  Do you understand

4    that?

5              THE DEFENDANT:  I understood that from the start, your

6    Honor.

7              THE COURT:  All right.

8              THE DEFENDANT:  And so, when you ask me if -- if I'm

9    threatened --

10             THE COURT:  Right.  Has anyone made any promises or

11   assurances in order to get you to plead guilty?

12             THE DEFENDANT:  Not to plead guilty, your Honor.

13             THE COURT:  Okay.

14             THE DEFENDANT:  Not to plead guilty.

15             THE COURT:  Has anyone threatened you or tried to

16   pressure you in any way to plead guilty?

17             THE DEFENDANT:  No, your Honor.

18             THE COURT:  All right.  You have certain rights, and

19   those rights include the right to plead not guilty and to go to

20   trial.  At trial you would be presumed to be innocent and the

21   United States would have the burden of proving that you are

22   guilty beyond a reasonable doubt.

23             At trial you'd have the right to have Mr. Oyama

24   represent you and to defend you.  You'd have the right to see

25   and hear all witnesses, testify yourself or remain silent and

1  not testify, have the Court issue subpoenas for any witnesses

2  you wish to call in your defense.

3          Before you can be convicted all 12 jurors must be

4  convinced that the United States proved you are guilty beyond a

5  reasonable doubt.  And if you are convicted after the trial

6  you'd have the right to appeal that conviction to a higher

7  court.  If you could not afford to pay the costs of such an

8  appeal the Government would pay those costs for you.  Do you

9  understand that you have these rights?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  If you plead guilty, however, you will

12  waive or give up those rights and there will be no trial.  Do

13  you understand that?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  All right.  As long as you plead not

16  guilty you do have the right to remain silent, but if you choose

17  to plead guilty I'm going to ask you what it is that you did

18  that makes you guilty of Counts 1 and 2, and you need to tell me

19  in your own words truthfully, even if your answers establish

20  that you committed crimes.  Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  All right.  Ms. Sameshima, if you would

23  state for the Court and for Mr. Joseph what are the essential

24  elements of Counts 1 and 2 that the Government will have to

25  prove if this matter went to trial?

1            MS. SAMESHIMA:  Yes, your Honor.  With respect to

2    Count 1, which is the importation count, the Government would

3    have to prove that the defendant imported a controlled substance

4    from outside the United States into the United States, that he

5    knew that it was a controlled substance, in this case cocaine,

6    and that he knew that the importation involved 500 gram or more

7    of cocaine.

8            With respect to the attempt to possess with intent to

9    distribute the Government would have to prove that the defendant

10   knowingly took a substantial step towards the possession with

11   the intent to distribute cocaine, that he knew it was a

12   controlled substance, and that the attempt involved 500 grams or

13   more of cocaine.

14           THE COURT:  All right.  Mr. Oyama, do you disagree in

15   any respect with that summary?

16           MR. OYAMA:  No, your Honor.

17           THE COURT:  All right.  Mr. Joseph, do you understand

18   if this went to trial the Government would have to bring forth

19   evidence such as witnesses and physical evidence such as the

20   drugs and chemists who would testify about the drugs to prove

21   each of those essential elements beyond a reasonable doubt?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  All right.  Now, I need you to tell me in

24   your own words what it is that you did that makes you guilty of

25   Count 1.  And Count 1 charges you -- that for an unknown time

```
 1  period up to January 23, in the District of Hawaii, that's the
 2  State of Hawaii and elsewhere, that you and others did knowingly
 3  and intentionally import into the United States from a place
 4  outside the United States the quantity of 500 grams or more of a
 5  mixture or substance containing cocaine.  What did you do that
 6  makes you guilty of this offense?
 7            THE DEFENDANT:  I'm part of -- I'm part of what
 8  happened, your Honor.  I took -- I take full responsibility for
 9  what I've done --
10            THE COURT:  Uh-huh.
11            THE DEFENDANT:  -- but by no means I'm responsible for
12  anyone and -- or anyone else.
13            THE COURT:  All right.  Let me ask you this.  There
14  was a parcel that came in through Federal Express that was
15  originated from a Mike Wallace in St. Johns, Antigua, and was
16  addressed to a Robert Matsuda at 1468-1 Liliha Street address in
17  Honolulu, and inside that parcel there was cocaine found.  Did
18  you have anything to do with that parcel full of cocaine being
19  brought into this country?
20            THE DEFENDANT:  Yes, your Honor.
21            THE COURT:  All right.  And you knew that it was
22  cocaine that was being brought into this country; is that
23  correct?
24            THE DEFENDANT:  I -- I know it was cocaine, but as far
25  as the -- the amount that was in the box, your Honor, I had no
```

1    -- I had no -- I had no --

2        THE COURT:  You didn't now how much it was?

3        THE DEFENDANT:  -- no, your Honor.

4        THE COURT:  All right.  So, you -- do you -- okay.

5    So, you knew it was cocaine, and you knew it was coming from

6    outside the United States to the State of Hawaii; would that be

7    fair to say?

8        THE DEFENDANT:  Yes, your Honor.

9        THE COURT:  All right.  Now, the amount of it -- it

10   says a quantity of 50 grams or more -- in the indictment it says

11   1,000 grams.  You're saying you don't know the amount, but do

12   you argue, or do you have any disagreement that it was at least

13   500 grams?

14       THE DEFENDANT:  Usually -- usually after the box comes

15   I -- yes, your Honor.

16       THE COURT:  Okay.  So, you -- you don't argue that it

17   -- with the -- with the charge that it was at least 500 grams or

18   more?

19       THE DEFENDANT:  Yes, your Honor.

20       THE COURT:  All right.  But there's no stipulation as

21   to how much; would that be fair, Mr. Oyama?

22       MR. OYAMA:  That's fair, your Honor.

23       THE COURT:  Okay.  Now, as to Count 2, that charges

24   you with knowingly and intentionally attempt -- attempting to

25   possess with the intent to distribute 500 grams or more of

1    cocaine.

2         So, in that it's saying that you knew and

3    intentionally attempted to sell or assist people in selling this

4    cocaine.  What is it that you did that makes you guilty of Count

5    2?

6         THE DEFENDANT:  I'm a little -- I'm a little confused

7    at the moment, your Honor.  If you could repeat it.

8         THE COURT:  All right.  So, Count 2 charges you with

9    knowingly and intentionally attempt to possess with the intent

10   to distribute 500 grams or more of cocaine.

11        Count 1, charges you with knowingly and intentionally

12   importing into the United States.  So, you knew that it was

13   coming outside of the United States and coming to this country

14   and that it contained cocaine.

15        All right.  Count 2, charges you with knowing that

16   it's cocaine and having it so that you could sell it or dis --

17   or assist other people in -- in distributing it, selling it to

18   other people.  I mean did you know what the cocaine was being

19   brought in for?

20        THE DEFENDANT:  Yes, your Honor.

21        THE COURT:  All right.  And what was it being brought

22   in for?

23        THE DEFENDANT:  For my use and other peoples use, your

24   Honor.

25        THE COURT:  All right.  And the other people that

1   would use it that -- it was anticipated that they were going to

2   pay money for it; would that be fair to say?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  All right.  And you knew that when the

5   cocaine was being brought in?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  All right.  And it -- it alleges that

8   there was 500 grams or more.  Again, you don't know the exact

9   weight; would that be fair to say?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  All right.  But you're not arguing that it

12   was any less than 500 grams; would that be fair to say?

13          THE DEFENDANT:  Yes, your Honor.  I couldn't say

14   either or, so --

15          THE COURT:  Right.  You can't say that it's 1,000

16   grams as indicated, but it -- it does charge you with -- that it

17   was at least 500 grams, it's 500 grams or more.  And so, you're

18   not disputing that it was 500 grams or more.

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  All right.  But there's no stipulation as

21   to the actual amount; correct, Mr. Oyama?

22          MR. OYAMA:  Yes, your Honor.

23          THE COURT:  All right.  And all of these events

24   occurred in the State of Hawaii; would that be fair to say?

25          THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  All right.  You were in Hawaii --

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  -- all right, when you knew that the

4   cocaine was coming into this country; correct?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  And you were in Hawaii when you -- when

7   the cocaine arrived; correct?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  And -- and you were in Hawaii when you

10  knew that the cocaine was going to be for your use and also to

11  sell to others?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  All right.  And what did you do, if

14  anything, to -- to advance or to help sell the -- the cocaine?

15          THE DEFENDANT:  I was the only person that he could --

16  Mr. Cornwall could really trust.

17          THE COURT:  Okay.

18          THE DEFENDANT:  For the three months that he was here

19  I handled -- I handled no cocaine.  There was -- I have four --

20  three other -- three co-defendants, one is Ms. Kalili.  She was

21  with Mr. -- Mr. Cornwall for the three months that he was here.

22          THE COURT:  All right.

23          THE DEFENDANT:  And I had no knowledge of where the

24  cocaine was.  And there's another lady that's involved in this

25  case also whose name is Ms. Nana Bittle, and I think she will

```
 1   verify that I had no knowledge of where the cocaine was for the
 2   three months that he was here.
 3          The only reason why that cocaine was sent is because
 4   I'm -- I'm the only one that he trusted.
 5          THE COURT:  All right.
 6          THE COURT:  In Ms. Kalili's mind he was going to give
 7   everything to her.
 8          THE COURT:  Yeah.
 9          THE DEFENDANT:  I later found out, and I should
10   apologize now, because I went against your demands.  I was
11   speaking to Ms. Kalili and, again, I would like to apologize for
12   that, because we are co-defendants.  I found out since I've been
13   in prison that they were sleeping together, and --
14          THE COURT:  Uh-huh.  So, they are sort of united
15   against you in that respect, but --
16          THE DEFENDANT:  Well, I'm not sure -- well --
17          THE COURT:  -- yeah, but were you the one who gave the
18   address, the Liliha Street address to Mr. Cornwall, so the
19   package got sent to the Liliha Street address?
20          THE DEFENDANT:  Mr. Cornwall had that address maybe a
21   week or maybe a month before the package was sent.
22          THE COURT:  Okay.
23          THE DEFENDANT:  Like I said the three months he was
24   here --
25          THE COURT:  Right.
```

1              THE DEFENDANT:  -- him and -- Ms. Kalili and him was

2     the one that was running around.

3              THE COURT:  All right.

4              THE DEFENDANT:  So, he had that address before -- even

5     before -- like a month before that date.

6              THE COURT:  Okay.  So, it wasn't through you.  You --

7     you dispute that he got the address from --

8              THE DEFENDANT:  No, ma'am.  No, ma'am.

9              THE COURT:  -- all right.  But you're saying you had a

10    relationship with Mr. Cornwall; is that correct?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  All right.  And so, because of this

13    relationship you were able to have the cocaine brought into the

14    United States?

15             THE DEFENDANT:  Yes, ma'am.

16             THE COURT:  Okay.  All right.  The Court finds that

17    there is a sufficient basis in fact containing each of the

18    essential elements of the offenses charged against him.

19             So, I'm going to ask you know how do you plead to

20    Count 1, and then I'll ask you how you plead to Count 2.  All

21    right.  How do you now plead to the charge against you in Count

22    1?  Count 1, charges you with knowingly and intentionally

23    importing into the United States from a place outside a quantity

24    of 500 grams or more of cocaine.  How do you plead to that

25    charge, guilty or not guilty?

1    THE DEFENDANT: Guilty, your Honor.

2    THE COURT: How do you now charge to -- how do you now

3    plead to the charge against you in Count 2, that charges you

4    with knowingly and intentionally attempting to possess with the

5    intent to distribute 500 grams or more of cocaine, guilty or not

6    guilty?

7    THE DEFENDANT: Guilty, your Honor.

8    THE COURT: All right. Mr. Oyama, are you aware of

9    any reason why the Court should not accept your client's pleas

10    of guilty?

11    MR. OYAMA: No, your Honor.

12    THE COURT: All right. Mr. Joseph, the Court finds

13    that you are fully competent and capable of entering a valid

14    plea, that your plea of guilty is knowing and voluntary and

15    supported by an independent basis in fact containing each of the

16    essential elements of the offenses charged against you in Counts

17    1 and 2 of the indictment.

18    I am therefore signing the report and recommendation

19    of the -- regarding the pleas of guilty, and I am recommending

20    that you be adjudged guilty and have your sentence imposed.

21    Objections to the report and recommendations are filed -- are

22    waived unless filed and served within ten days of today's date.

23    I'm going to order our Probation to prepare that

24    presentence report about you. This is the report about you and

25    your case, and it's going to help Chief Judge Ezra decide what

1    your sentence should be.  The probation officer will need to

2    interview you.  If you wish, Mr. Oyama can be present during

3    that interview.

4         Once the report is completed you'll have an

5    opportunity to read it, and to comment and object to the facts

6    as reported and also the application of the guidelines as

7    recommended by the probation officer.  You will then have an

8    opportunity at your sentencing hearing to say words before Judge

9    Ezra imposes your sentence.  Do you understand that?

10        THE DEFENDANT:  Yes, your Honor.

11        THE COURT:  All right.  Mr. Nakamura, if you would set

12   the sentencing date and time.

13        THE CLERK:  Sentencing as to Counts 1 and 2 of the

14   indictment will be on November 15th, 2004, at 1:30 p.m., before

15   Chief Judge David Alan Ezra.

16        THE COURT:  All right.  Mr. Joseph, you're going to

17   remain in custody pending your sentencing pursuant to the prior

18   detention order.  Is there anything further on behalf of the

19   Government, Ms. Sameshima?

20        MS. SAMESHIMA:  No, your Honor.  Thank you.

21        THE COURT:  All right.  Anything further, Mr. Oyama?

22        MR. OYAMA:  No, thank you, Judge.

23        THE COURT:  All right.  Mr. Joseph, I'm going to

24   remand you back to the custody of the U.S. Marshals Services.

25   Good luck to you, sir.

1          THE DEFENDANT:  Thank you, your Honor.

2          THE COURT:  All right.

3          (At which time the above-entitled proceedings were

4    concluded.)