EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Beverly.Sameshima@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00048-01 SOM |
| | ) | |
| Plaintiff, | ) | UNITED STATES OF AMERICA'S |
| | ) | OPPOSITION TO DEFENDANT DEON |
| vs. | ) | JOSEPH'S WRITTEN MOTION TO |
| | ) | WITHDRAW GUILTY PLEA; EXHIBITS |
| DEON JOSEPH,      (01) | ) | A & B; CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | Date:   March 17, 2006 |
| | ) | Time:   9:00 a.m. |
| | ) | Judge:  Susan Oki Mollway |

<u>UNITED STATES OF AMERICA'S OPPOSITION TO DEFENDANT DEON JOSEPH'S
WRITTEN MOTION TO WITHDRAW GUILTY PLEA</u>

Deon Joseph's ("Joseph") most recent filing is his latest attempt to cause delays in this proceeding and manipulate the judicial process.  The government opposes Joseph's written motion to withdraw guilty plea to the extent that Joseph is seeking to expand the grounds upon which he made said motion on January 23, 2006 and February 10, 2006.  Despite his repeated

representations to the district court on those dates that the basis for his withdrawal of the plea was because of government representations regarding his deportation, Joseph, now files a motion which sets forth several different bases for the motion. This is nothing more than a tactic to delay resolution of this matter.

Some procedural background of this matter bears repeating.  On January 23, 2006, Joseph and his then counsel, Mark Zenger, appeared for sentencing before Judge David Ezra.  (A true and correct copy of the transcript of the January 23, 2006 hearing is attached hereto and incorporated herein by reference as Exhibit "A.")  Joseph is the last of four defendants to be sentenced in this case which was initiated as a result of a controlled delivery in 2003.  Joseph filed a Motion to Compel the government to file a motion for downward departure and for an "S" visa on December 17, 2005.  The basis for the motion was that government representatives promised Joseph that Joseph would not be deported if he cooperated with the government.  The government filed an opposition memorandum on January 12, 2006, and attached the declarations of the agents and attorneys involved, including Joseph's prior counsel.

During the hearing on January 23, 2006, defendant advised the Court that it was withdrawing the motion to compel the government to file a downward departure in light of the fact

that the government had filed a motion for downward departure based upon Joseph's substantial assistance. Joseph was allowed to speak and raised for the first time, his desire to withdraw his guilty plea. (See Exhibit "A," pages 5, 12) Joseph also advised the Court that the reason he wished to withdraw his guilty plea was that he pled guilty based upon the "promise that the visa we are talking about would be taken care of." (Exhibit "A," page 6) Later, in the hearing, Judge Ezra again attempted to ascertain the basis for Joseph's desire to withdraw his plea:

> THE COURT: ... So what you want to do is you want to withdraw your plea based upon your contention that you were promised that you could stay in the United States if you pled guilty; that's your contention?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Okay. And that's it, that's what – you want to withdraw your plea. So the whole question is here whether you were promised in return for your plea that you could stay in the United States; is that what you're telling me?"

(Exhibit "A," page 12)

The defendant then raised issues with respect to the Presentence Report and his two point enhancement for being an organizer. (Exhibit "A," page 12) Judge Ezra directed him back to the issue at hand and advised that he would hold a hearing on Joseph's claim that he wished to withdraw his plea because it was premised on an alleged promise by the government as to his deportation. (Exhibit "A," pages 13-14) The Court, articulating the issue stated:

> "... I will listen to him in all fairness. The basic ground that he wishes to move to withdraw his plea, as I understand it, is only one, and that is he is claiming that he was promised by the agent, who is sitting in the courtroom today, that he would -- sit down, Mr. Joseph. ... That he would be assured in return for his plea that -- of staying in the United States once he finished his sentence. And, of course, we all know that the agent would not be in a position to guarantee that. Even I couldn't guarantee it. I don't have the authority to do that, let alone the agent. So – but if he claims that that was a motivating factor, I need to make a judgment as to whether I believe what he's saying is truthful or not."

(Exhibit "A," page 14)

> THE COURT: All right. So you're going to get to stay in jail just a little longer here, Mr. Joseph, one way or the other, and we will have a hearing. And I don't want any funny business here. The ground that you're moving to set aside your plea, as I understand it, is that you were promised before you pled guilty by the government that they would assure you in return for your guilty plea that you would stay in the U.S.; is that right?
>
> THE DEFENDANT: Yes, Your Honor, and if -- and if --
>
> THE COURT: All right.

(Exhibit "A," page 15)

The Court repeated the basis for the motion to withdraw guilty plea a fourth time during the hearing:

> THE COURT: ... And the basis upon which you wish to move to withdraw your guilty plea is that you were promised in return for your guilty plea that you would be allowed to stay in the United States, no ifs, ands or buts about it, right?
>
> THE DEFENDANT: Yes, Your Honor.

(Page 18, Exhibit "A")

The Court then set the hearing on this motion for February 10, 2006, giving the government the opportunity to subpoena and present its witnesses.

On February 10, 2006, the parties appeared. The government had present and ready to testify, Major Winston Ling, and Joseph's other prior counsel: Emmett Lee Loy and Randy Oyama. Former AUSA Constance Hassell, who originally prosecuted the case and Agents Dennis Imamura and Mylene Oconer were also present and ready to proceed as witnesses.

After attempting to make other motions[1] to delay the proceedings, Joseph advised the court that he wanted to fire his counsel, Mark Zenger, and obtain new counsel, claiming that Zenger was unprepared. (A true and correct copy of the February 10, 2006 transcript is attached hereto and incorporated herein by reference as Exhibit "B.") After telling the Court that he would be filing a complaint against Zenger with the Office of Disciplinary Counsel, the Court granted Joseph's

---

[1] Joseph sought discovery of letters of his co-defendants relating to their immigration status. None of the co-defendants are aliens and no such letters exist. This request was denied by Judge Ezra. (See Exhibit "B," page 3) Joseph also sought "full and complete discovery" which was also denied. Joseph has had full and complete discovery since the outset of the case. Faced with the witnesses who Joseph claimed had made certain representations, it was clear he did not wish to proceed with the evidentiary hearing he had requested on February 10, 2006. This most recent filing is yet another attempt to delay the proceedings and redirect the court's focus to avoid a resolution of this matter.

request, over government objection. The Court then recused itself and indicated that the case would be reassigned because the Court did not believe it could be fair and impartial in light of the opinion it had now formed about Joseph. (See Exhibit "B," pages 8-11)

The case was reassigned to this Court and the new date for Joseph's Motion to Withdraw Guilty Plea scheduled. In light of this history, Joseph should be precluded from expanding the grounds of his motion. The matter at issue for the hearing on March 17, 2006 is whether Joseph should be allowed to withdraw his guilty plea because there was a promise by the government not to deport him. The record in this case underscores a deliberate pattern by Joseph to delay the proceedings, possibly to delay the ultimate sentence and deportation.

DATED: March 15, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Beverly Wee Sameshima
  BEVERLY WEE SAMESHIMA
  Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

>LOUIS MICHAEL CHING
>4475 Kilauea Avenue
>Honolulu, HI   96816
>
>Attorney for Defendant
>DEON JOSEPH

Served by hand-delivery:

>CARTER LEE
>U.S. Probation Office
>300 Ala Moana Boulevard
>Honolulu, HI   96850

DATED:  March 16, 2006, at Honolulu, Hawaii.

/s/ Dawn M. Aihara