```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF HAWAII

 3   UNITED STATES OF AMERICA,    )   CRIMINAL NO. 03-00048DAE
                                  )
 4            Plaintiff,          )   Honolulu, Hawaii
                                  )   January 23, 2006
 5        vs.                     )   1:40 p.m.
                                  )
 6   (01) DEON JOSEPH,            )   MOTION OF DEFENDANT (01)
                                  )   DEON JOSEPH FOR AN ORDER
 7            Defendant.          )   TO COMPEL THE GOVERNMENT TO
     _____)   FILE A MOTION FOR A
 8                                    SENTENCE BELOW THE
                                      STATUTORY MANDATORY MINIMUM
 9                                    FOR DOWNWARD DEPARTURE AND
                                      FOR AN "S" VISA
10                                    SENTENCING TO COUNTS 1 & 2
                                      OF THE INDICTMENT AS TO
11                                    DEFENDANT (01) DEON JOSEPH
                                      GOVERNMENT'S MOTION FOR
12                                    DOWNWARD DEPARTURE &
                                      SENTENCING RECOMMENDATION
13                                    AS TO DEFENDANT DEON JOSEPH

14                     TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE DAVID ALAN EZRA,
15                  UNITED STATES DISTRICT JUDGE

16   APPEARANCES:

17   For the Government:          BEVERLY WEE SAMESHIMA, Esq.
                                  Assistant U.S. Attorney
18                                District of Hawaii
                                  Room 6100 - PJKK Federal Bldg.
19                                300 Ala Moana Blvd.
                                  Honolulu, Hawaii 96813
20
     For the Defendant:           MARK R. ZENGER, Esq.
21                                Richards & Zenger, a Law Corp.
                                  P.O. Box 3966
22                                Lihue, Hawaii 96766

23   Official Court Reporter:     Cynthia Fazio, RMR, CRR
                                  United States District Court
24                                P.O. Box 50131
                                  Honolulu, Hawaii 96850
25   Proceedings recorded by machine shorthand, transcript produced
     with computer-aided transcription (CAT).
```

1    MONDAY, JANUARY 23, 2006                    1:40 P.M.

2          THE CLERK:  Criminal 03-48DAE, United States of

3    America versus defendant one, Deon Joseph.

4          This case is called for a Sentencing, and Motion for

5    Downward Departure.

6          Counsel, please state your names for the record.

7          MS. SAMESHIMA:  Yes, good afternoon, Your Honor.

8    Beverly Wee Sameshima on behalf of the United States, together

9    with Special Agent Chuck Akeo from the Bureau of Immigration

10   and Customs Enforcement.  We also have here today retired

11   Special Agent Dennis Imamura, who is sitting in the courtroom.

12         THE COURT:  All right.  Okay.

13         MR. ZENGER:  Good afternoon, Your Honor.  Mark Zenger

14   on behalf of defendant Deon Joseph, who is also present.

15         THE COURT:  Okay.  Sorry it took me a little longer.

16   I wanted to take another look at the Government's Motion for

17   Downward Departure, and I've had a chance to do that.

18         First of all, have you and your client had a full

19   opportunity to read, review and file any objections to the

20   presentence report?

21         MR. ZENGER:  Yes, Your Honor.

22         THE COURT:  Okay.  On February 12th, 2004 the

23   defendant pled guilty to importation in excess of 500 grams of

24   cocaine, in violation of 21 U.S.C. 952(a), which was Count 1 of

25   the indictment; and in violation of 21 U.S.C. 952(a), Count --

1    it's also Count 1 of the indictment; and attempt to possess

2    with intent to distribute in excess of 500 grams of cocaine, in

3    violation of 21 U.S.C. 846 and 841(a)(1), Count 2.

4         There were no objections to the factual statements in

5    the presentence investigation and report, and the court adopts

6    those as its findings of fact.  There were also no objections

7    as to the presentence report's conclusions as to the applicable

8    guideline, and the court adopts those.

9         The offense level is 25, criminal history category is

10   two, the imprisonment range is 63 to 78 months, supervised

11   release of four to five years.

12        Now, the defendant has filed a Motion to Compel the

13   government to file a motion for a sentence below the minimum,

14   for a downward departure and for an "S" visa.  You still have

15   that motion on?

16        MR. ZENGER:  Your Honor, the -- we're withdrawing the

17   Motion to Compel for the downward departure, but he's still

18   holding on to this "S" visa matter.  And I've explained to him

19   today, and -- that based upon the downward departure, we're

20   basically getting what we asked for from the prosecutor's offer

21   -- office and we're very happy about it.  Of course we always

22   like to get more of a downward departure recommendation, but I

23   think what they've given us is reasonable.

24        But I've been unable to convince at this point

25   Mr. Joseph that he should abandon this "S" visa routine because

1    it's not going to fly, in my view.  And the reason I filed it

2    is -- it's in there, but I've reviewed the government's

3    opposition and even though there's disputes about -- some

4    factual disputes about why he entered his plea or what was said

5    by this person or that person as a predicate for him entering a

6    plea on February 14th, that the only remedy that would really

7    be available would be to withdraw the plea and have a trial.

8    And that hardly makes sense given the amount of time he's

9    already done and the facts of this case.

10          Nevertheless, I -- I think it would be -- if we could

11   have a little more time to talk, maybe we could -- I could talk

12   him into abandoning the "S" visa as well.  As is -- as it is

13   right now he wants me to ask the court for an evidentiary

14   hearing on the matter.

15          MS. SAMESHIMA:  Well, Your Honor, I think the case law

16   is pretty clear and that is, unless he raises a substantial

17   allegation here, he's not entitled to have an evidentiary

18   hearing.

19          I submitted declarations under penalty of perjury from

20   virtually all the attorneys.  The only one I didn't get was Mr.

21   Ling, who was in the Middle East.  I believe he's back, but I

22   have not been able to locate him.

23          But I think the record is before the court.  The court

24   can make a determination based on what's before you.

25          MR. ZENGER:  Will it be all right if I allowed

1    Mr. Joseph to speak, Your Honor?

2            THE COURT:  (Gesturing).

3            THE DEFENDANT:  With all due respect, Your Honor, from

4    the onset, even before my first prefer, things were said that

5    were supposed to be -- for instance, I was promised that the

6    "S" visa that we're talking about now wasn't even going to be

7    an issue, okay, from the gentleman in the back in my first

8    prefer guaranteed this.  So here we are three years from that

9    time talking about an S1 visa.

10            And as far as the sentencing report, I never agreed

11   with the sentencing report.  Never once.  I was told by my

12   previous attorney, Mr. Oyama, that you were going to withdraw

13   my plea.  This was over a year ago, and here we sit now today

14   talking about withdrawing the plea.

15            I've lied to no one.  In all my letters to you I've

16   been libelous to no one.  All I want is a fair trial so the

17   evidence to come out so we can prove this case.  If they're not

18   going to do what they said they were going to do, they told me

19   these things, then they're calling me a liar.  So now let's

20   prove that I'm a liar.

21            THE COURT:  So what -- you want to withdraw your plea,

22   is that what you want?

23            THE DEFENDANT:  Yes, sir.  That's not -- like I said,

24   with all due respect, I'm not here to waste the government's

25   time, I'm not here to put a bunch of rubbish to you, not

1    disrespect this court, but what was said was said.  They

2    promised all these things.

3          THE COURT:  Well, let's step back a minute.  You pled

4    guilty to the crime.

5          THE DEFENDANT:  I pled guilty with the promise that

6    the visa that we are talking about would be taken care of.  I

7    pled guilty --

8          THE COURT:  Is that in writing anywhere?

9          THE DEFENDANT:  No -- no, Your Honor.

10          THE COURT:  Well, you agree --

11          THE DEFENDANT:  I --

12          THE COURT:  You agree that everything -- when you pled

13    guilty you agreed that everything that had been promised to you

14    was in writing in the plea agreement.  I mean there wasn't a

15    plea agreement but was said, and that there were no other

16    promises or different promises made to you; you said -- you

17    agreed to that.

18          THE DEFENDANT:  Okay.  Good that you said that.  Okay.

19    In that -- I think it was February 14 in the plea in front of

20    the Magistrate Kobayashi, the question was asked in the

21    presence of Miss -- sorry, with the prosecutor and --

22          THE COURT:  Ms. Sameshima.

23          THE DEFENDANT:  Sameshima, sorry.  And the gentleman

24    in the back that were present.  The question was asked from the

25    Magistrate Kobayashi:  Were anything promised to you for your

1    sentence -- for your signing this plea?  The answer given to

2    her was:  If you're talking about a quid pro quo for my

3    sentence, no, but they promised me that they would let me stay

4    in this country.  That -- that was the response to the

5    magistrate.

6              MS. SAMESHIMA:  Your Honor, I have a --

7              THE DEFENDANT:  If I -- if I can finish.

8              THE COURT:  No, no, you can't.  Let me get an answer.

9              MS. SAMESHIMA:  Your Honor, in our response to this

10   motion we cited as well as attached the entire transcript of

11   the change of plea.  And the portion that we cited to the court

12   was at Page 11 to 13 of that transcript before Magistrate

13   Kobayashi where she specifically went through and asked the

14   defendant:

15             "I need to warn you is that if you do plead guilty a

16   conviction in this case might also affect your right to remain

17   in this country.  Do you understand that?"

18             And the defendant responded, under oath:  "I

19   understood that from the start, Your Honor."

20             And the judge said:  "All right."

21             And the defendant said:  "And so when you ask me if --

22   if I'm threatened --

23             "The Court:  Right.  Has anyone made any promises or

24   assurances in order to get you to plead guilty?

25             "The Defendant:  Not to plead guilty, Your Honor.

1    Okay.  Not to plead guilty."

2              And he again responded when she asked him --

3              THE COURT:  Is there anywhere in there that he says:

4    They promised me I could stay here?

5              MS. SAMESHIMA:  I don't -- I don't recall that there

6    was anything in that, Your Honor, in the transcript.

7              THE COURT:  But he says that that's what he said.

8              MS. SAMESHIMA:  Well, the transcript speaks for

9    itself, Your Honor.

10             THE COURT:  I know, but I -- well, I'm asking, is it

11   in the transcript?  You have the transcript there.

12             MS. SAMESHIMA:  I don't recall seeing that.  I'll look

13   through it again really quickly.

14             THE DEFENDANT:  And that's the same -- that's the same

15   discussion I had with my attorney just now, Your Honor.

16             THE COURT:  I'm not asking you about -- just a minute.

17   I'm trying to find out whether it's in the transcript.  You

18   just told me you said it.  If you said it, it would be in the

19   transcript.

20             MR. ZENGER:  Your Honor, if I might, there is

21   something that is close to that.

22             THE COURT:  What does it say?

23             MR. ZENGER:  And it's at Page -- I cited to it in our

24   memorandum in opp.

25             THE COURT:  Just read it.

1           MR. ZENGER:  It says:  "No promise" --

2           MS. SAMESHIMA:  Your Honor, may I ask for the page

3      number?

4           MR. ZENGER:  Yes.  I'm looking at Page 18 to our

5      motion.

6           THE COURT:  All right.  Just read it, Mr. Zenger.

7           MR. ZENGER:  By Mr. Joseph --

8           MS. SAMESHIMA:  What's the transcript number?

9           MR. ZENGER:  It comes --

10          THE COURT:  Just read it.

11          MR. ZENGER:  Yes.  "No promises have been made as far

12     as sentencing.  I've spoken to Agent Imamura.  In that meeting

13     they have decided to help me as far as staying in this country

14     because of the case and the complications of this case.  And I

15     can't go back to where I'm from or anywhere close to where I'm

16     from.  And the people that I'm dealing with are connected not

17     only to the Caribbean, South America but in this country as

18     well."

19          THE COURT:  Well, he said --

20          MR. ZENGER:  That's right.

21          THE COURT:  That's right.  He said that he could help

22     -- he was going to try to help you.  That's all he said.  He

23     didn't promise you you could stay.

24          THE DEFENDANT:  Your Honor, all -- throughout the

25     duration of the case, the same question came up back and forth,

1  and this was told not only by -- was told not only by Mr. Ling,

2  Mr. Lee Loy, Mr. Oyama.  It's not like this -- this is nothing

3  vague.  There's nothing implicit about what was said.  Now,

4  like I said -- and I'm sorry -- like I said, sorry for yelling

5  -- for raising my voice.

6        But if I'm a liar, Your Honor, like I said, all I want

7  to do is bring out the evidence in this case.  That's all I'm

8  asking for.  I'm not here to go back and forth, like I said,

9  and said this and who said this and who said that.  Let's bring

10 out the evidence in this case and I want to withdraw my plea.

11 I'm not here to just -- like I said, to stand here -- to

12 show -- to --

13        THE COURT:  Well, by your own -- by your own

14 statement, however, in the transcript, the only thing you said

15 to the judge before you pled guilty was that the agent said

16 they would attempt to assist you.  That's it.  Not that anybody

17 promised you you could stay here.  And then you said it

18 wasn't -- in any event it wasn't in return for your plea.

19        THE DEFENDANT:  It wasn't --

20        THE COURT:  Nothing to do with your plea.

21        THE DEFENDANT:  It wasn't -- wasn't for the plea, but

22 like I said -- but that was the part of the -- part of the

23 understanding in the proffer.  Okay.  From the initial stage of

24 this --

25        THE COURT:  I understand, but Mr. Joseph, you're not

1    listening to me.  What you said at the time was that the agent

2    said he would attempt to assist you.  You didn't say:  The

3    agent promised me I could stay, or there was an agreement that

4    I could stay.  Just that they had promised that they would

5    attempt to assist you.  That's it.  And then when the judge

6    asked you whether or not that was in return for your plea, you

7    said no.

8            THE DEFENDANT:  Well, it wasn't for my -- wasn't

9    for -- like I said, I didn't come in there trying to bargain.

10   When I went to the -- to the prefer, it wasn't for me to

11   bargain for anything.  It was just, like I said, to do the --

12   you do the right thing and I'll do the right thing.  I wasn't

13   trying to strong-arm the prosecution for -- for a deal.

14           It was that -- like I said, all implications was given

15   that they were going to do the right thing and I was going to

16   do the right thing.

17           And -- and --

18           THE COURT:  Well --

19           THE DEFENDANT:  -- as far as the -- and as far as the

20   transcript, if anything -- anything that I was said and

21   anything that I'm saying here now is unintelligible, they

22   should have told me because if -- I can guarantee you if we get

23   that audiotape, everything that seems to be excluded from it

24   has been said on that audiotape.  Now we sit here and, like I

25   said, not to point fingers, trying to figure out who said what

1   with a transcript that -- that no -- like I said, is there and
2   it's not there.  Some things are missing.
3           THE COURT:  You're telling me the transcript is all
4   doctored now?
5           THE DEFENDANT:  I'm not saying it's doctored, but
6   clearly you asked the question about -- just now if the
7   transcript says that.  Her -- her part of the evidence didn't
8   have it in it.  She had to look it up.
9           THE COURT:  No, well, she didn't cite it to me, that's
10  because she just didn't cite it to me, Mr. Joseph.
11          So what you want to do is you want to withdraw your
12  plea based upon your contention that you were promised that you
13  could stay in the United States if you pled guilty; that's your
14  contention?
15          THE DEFENDANT:  Yes, Your Honor.
16          THE COURT:  Okay.  And that's it, that's what -- you
17  want to withdraw your plea.  So the whole question is here
18  whether you were promised in return for your plea that you
19  could stay in the United States; is that what you're telling
20  me?
21          THE DEFENDANT:  That's not the whole -- that's not the
22  sole evidence.
23          Also, as far as the -- the PSI report, I've never
24  agreed to that because if -- the evidence will show that I'm
25  not -- I'm not an organizer in this situation.

1            THE COURT:  Well, that's a wholly different thing.

2   That's an argument that can be made at the time of sentencing.

3   That has nothing to do with withdrawing your guilty plea.

4            THE DEFENDANT:  I understand that, but three -- three

5   other people have came in front of you and have got sentenced

6   without my side of the story.

7            THE COURT:  Well, you'll be able to tell your side of

8   your story at the time of sentencing.

9            THE DEFENDANT:  And with all due respect, sir, I'm in

10  -- I'm in jail for three years with nobody hearing my side of

11  the story.  This is -- this is the --

12           THE COURT:  Well, you've had a succession of lawyers,

13  Mr. Joseph.  So somebody has listened to your story.

14           Here's what I'm going to do, Mr. Joseph:  I have no

15  idea whether you're telling me the truth or you're trying to

16  scam the court.  I don't know.  But I will listen to what you

17  have to say under oath.  I will allow -- he's making a motion

18  to withdraw.  Okay?  I have to have a hearing on it.  If I

19  don't have a hearing on it I'm going to get reversed out of

20  hand, and well I should.  It would go up to the Court of

21  Appeals and they'd say:  What's wrong with this guy?  The man

22  has made a motion to withdraw his guilty plea and the judge

23  wouldn't even hear the evidence.  And I would think that they

24  would have every right to think that I was flippant, and I am

25  not flippant.

1          So I am not going to do that.  I will listen to him in

2    all fairness.  The basic ground that he wishes to move to

3    withdraw his plea, as I understand it, is only one, and that is

4    he is claiming that he was promised by the agent, who is

5    sitting in the courtroom today, that he would -- sit down,

6    Mr. Joseph.

7          THE DEFENDANT:  (Complying).

8          THE COURT:  That he would be assured in return for his

9    plea that -- of staying in the United States once he finished

10   his sentence.  And, of course, we all know that the agent would

11   not be in a position to guarantee that.  Even I couldn't

12   guarantee it.  I don't have the authority to do that, let alone

13   the agent.  So -- but if he claims that that was a motivating

14   factor, I need to listen to it, I need to hear what he was to

15   say and I need to make a judgment as to whether I believe what

16   he's saying is truthful or not.

17         THE DEFENDANT:  (Raising hand).

18         THE COURT:  Yes, Mr. Joseph.

19         THE DEFENDANT:  And if I may, the agent wasn't the

20   only one present in that -- in that room.  It was the

21   prosecutor -- everybody from the prosecution office and there

22   was at least five people in that room, sir.

23         THE COURT:  Okay.

24         THE DEFENDANT:  When the -- when the statement was

25   made.

1           THE COURT:  I'm sure that we'll hear from them from

2    the government.  I'm sure they'll call them to testify.  Don't

3    worry.  It's in their interest to call whoever was around, if

4    they were still there.

5           Were you there, Ms. Sameshima?

6           MS. SAMESHIMA:  I wasn't there.  This wasn't my case

7    at the time.  These proffers -- it was AUSA -- well,

8    no-longer-AUSA Constance Hassell.  So, we'll have to subpoena

9    her.

10          THE COURT:  You'll have to subpoena her then.

11          MS. SAMESHIMA:  And the case agent, one of the other

12   case agents who was there, Mylene Oconer, she's actually in the

13   Philippines right now.  So whatever date the court sets I'm

14   sure will accommodate her --

15          THE COURT:  All right.  So you're going to get to stay

16   in jail just a little longer here, Mr. Joseph, one way or the

17   other, and we will have a hearing.  And I don't want any funny

18   business here.  The ground that you're moving to set aside your

19   plea, as I understand it, is that you were promised before you

20   pled guilty by the government that they would assure you in

21   return for your guilty plea that you would stay in the U.S.; is

22   that right?

23          THE DEFENDANT:  Yes, Your Honor, and if -- and if --

24          THE COURT:  All right.

25          THE DEFENDANT:  If I can add this also.  In that

1    prefer --

2            THE COURT:  What -- I can't understand you.  Speak

3    slowly.

4            THE DEFENDANT:  In the prefer -- in the prefer it was

5    also said --

6            THE COURT:  Okay.  Stop.  Speak slowly.

7            THE DEFENDANT:  In my first debriefing it was also

8    told to me that I had very little to do with this case.  That

9    was agreed upon.  It was -- it was also told to me not to

10   contact my family.  This was said and -- all this was said

11   during the negotiations.  To show you the -- to show you where

12   I'm going with this, that I was cooperating fully and

13   completely and immediately with them.

14           THE COURT:  All right.  Those are all matters that

15   would be dealt with in terms of what kind of a sentence I would

16   give you, has nothing to do with whether you made a knowing and

17   voluntary guilty plea.

18           THE DEFENDANT:  But what -- well, the fact --

19           THE COURT:  You had a lawyer at the time.

20           THE DEFENDANT:  Okay.  The reason why I'm bringing

21   out not to make contact with my family is to show you the

22   relation with the fact that -- with the visa situation and them

23   promise me -- promising me to be in this -- stay in this

24   country.

25           THE COURT:  All right.  Don't worry, you'll have a

1  full opportunity --

2          THE DEFENDANT:  Okay.  And if I can --

3          THE COURT:  Mr. Zenger will represent you, you'll have

4  a full opportunity to have your hearing.

5          THE DEFENDANT:  Okay.  And if I can say one more

6  thing, Your Honor.  It was even said in that first debriefing

7  that they screwed the case up.  They said that openly.

8          THE COURT:  Okay.  All right.  Well --

9          THE DEFENDANT:  So why should I sit here and pay the

10  price for somebody's screw-up?

11          THE COURT:  Well, you know, you did plead guilty to

12  being involved in a rather substantial drug transaction.

13          THE DEFENDANT:  Yeah, I -- I've admitted my guilt,

14  Your Honor.  I've lied to no one.

15          THE COURT:  I mean you're not like Bo Peep out walking

16  the sheep.

17          THE DEFENDANT:  Never said -- never said I was.

18          THE COURT:  Okay.  So it's not -- you're acting like

19  the big giant victim over here.

20          THE DEFENDANT:  No, victim I'm not.  I'm accountable

21  for whatever I did, Your Honor.  That's one thing I would never

22  do.  I'm accountable for my -- for my reaction -- for my

23  actions, but let the other side be accountable for what they

24  have said also.

25          THE COURT:  All right.  Well, I will hear you, I will

1   make an absolutely unbiased determination as to whether or not

2   you should be allowed to withdraw your guilty plea, okay.  And

3   the basis upon which you wish to move to withdraw your guilty

4   plea is that you were promised in return for your guilty plea

5   that you would be allowed to stay in the United States, no ifs,

6   ands or buts about it, right?

7           THE DEFENDANT:  Yes, Your Honor.

8           THE COURT:  All right.  So, can we have a date?

9   You're going to have to give Ms. Sameshima some time because

10  she's got to get this person from the Philippines.

11          MS. SAMESHIMA:  I'm told she'll be back in two weeks.

12          THE COURT:  Two weeks?  Oh, all right.  So she's just

13  there on temporary assignment.

14          MS. SAMESHIMA:  On business, yeah.

15          THE COURT:  Oh, okay.  Good.  I thought she was

16  stationed there or something.

17          THE CLERK:  The week of February 6 too early?

18          MS. SAMESHIMA:  That should be okay.

19          THE COURT:  All right.

20          MS. SAMESHIMA:  But, you know, I think out of an

21  abundance of caution I'm going to subpoena every person that

22  was at all the proffers.  I have to.  And that means all the

23  attorneys that were -- you know --

24          THE COURT:  Well, I don't think you need to subpoena

25  everybody.  If you have one or two people from each place, I

1   mean because other people would have overheard what people
2   said, right?
3          MS. SAMESHIMA:  (Nods head up and down).
4          THE COURT:  So, I don't think you need to have five
5   people -- if there were five people at the meeting, all five
6   testify to the same thing.  That's a little --
7          MS. SAMESHIMA:  But I think I do need his attorneys
8   because he may be making statements --
9          THE COURT:  I didn't say -- I understand.  He's
10  accusing his attorneys of misleading him.  Okay.
11         THE CLERK:  Okay.  How about February 10th, Friday, at
12  9:00 a.m.?
13         THE COURT:  Okay.  February 10th.  All right?  So
14  you're going to get your day in court.  All right?
15         THE DEFENDANT:  Thank you, Your Honor.
16         THE COURT:  All right.  I'm trying to be fair with you
17  because I could -- you know, if I didn't feel that you were --
18  you should be entitled to it, I would just say "good-bye."
19  Just based upon the record in front of me.  But I don't want to
20  base it on the record in front of me, I want to give you a fair
21  opportunity.  Okay?
22         THE DEFENDANT:  Well, there are rules and there are
23  standards in this court, I would assume, you know, Your Honor.
24  And I'm not -- like I said, not to be disrespectful, I mean
25  this is a federal courtroom.

1          MR. ZENGER:  He's given you a hearing.  Okay?

2          THE DEFENDANT:  Thank you, Your Honor.

3          MR. ZENGER:  Thank you, Your Honor.

4          THE COURT:  Thank you so much for reminding me.

5          MR. ZENGER:  Thank you, Your Honor.

6          THE COURT:  I've been here about 18 years.  You're

7     right, it is a federal courtroom, but that doesn't mean that

8     everybody who stands up at the time of sentencing and says they

9     want to withdraw their plea gets to withdraw their plea or even

10    gets a hearing; do you understand?

11         THE DEFENDANT:  And, Your Honor, I'm not trying to be

12    argumentative here because -- but when I came here today I

13    was -- didn't know this was going to be a -- a sentencing

14    hearing either.

15         THE COURT:  What did you think it was?

16         THE DEFENDANT:  I was just told today this is a

17    sentencing hearing, see.  So here we are, I'm standing here

18    ignorant to what's happening in this courtroom.  I was never

19    told it was going to -- I -- I had -- I got a letter on

20    December 27th, I think, saying I supposed to appear in court on

21    December 29th for a hearing, this is 2005, on the hearing for

22    the -- for the "S" visa.  So in my mind I'm here for the S -- I

23    was coming here for the S1 visa.  I had no idea this was for a

24    sentencing hearing.  No idea.

25         MR. ZENGER:  Your Honor, the motion itself says it's

1    for sentencing with a downward departure motion as well.  So,

2    maybe he just didn't understand it, but he --

3             THE COURT:  I was going to say, it says right on the

4    papers that you got it was a sentencing hearing.  But let's not

5    get into that, all right?

6             Okay.  The court will stand in recess.  The matter is

7    continued as indicated.

8             (The proceedings concluded at 2:04 p.m., January 23,

9    2006.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                COURT REPORTER'S CERTIFICATE

2

3        I, CYNTHIA FAZIO, Official Court Reporter, United

4    States District Court, District of Hawaii, Honolulu, Hawaii, do

5    hereby certify that the foregoing pages numbered 1 through 21

6    is a correct transcript of the proceedings had in connection

7    with the above-entitled matter.

8

           DATED at Honolulu, Hawaii, March 10, 2006.

9

10

11                           /s/ Cynthia Fazio
                          CYNTHIA FAZIO, RMR, CRR
12

13

14

15

16

17

18

19

20

21

22

23

24

25