1

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                       FOR THE DISTRICT OF HAWAII

 3    UNITED STATES OF AMERICA,      )   CRIMINAL NO. 03-00048DAE
                                     )
 4              Plaintiff,           )   Honolulu, Hawaii
                                     )   February 10, 2006
 5         vs.                       )   9:39 a.m.
                                     )
 6    (01) DEON JOSEPH,              )   MOTION TO WITHDRAW
                                     )     GUILTY PLEA
 7              Defendant.           )
      _____)
 8
                            TRANSCRIPT OF PROCEEDINGS
 9               BEFORE THE HONORABLE DAVID ALAN EZRA,
                      UNITED STATES DISTRICT JUDGE
10
      APPEARANCES:
11
      For the Government:           BEVERLY WEE SAMESHIMA, Esq.
12                                  Assistant U.S. Attorney
                                    District of Hawaii
13                                  Room 6100 - PJKK Federal Bldg.
                                    300 Ala Moana Blvd.
14                                  Honolulu, Hawaii 96813

15

16    For the Defendant:            MARK R. ZENGER, Esq.
                                    Richards & Zenger, a Law Corp.
17                                  P.O. Box 3966
                                    Lihue, Hawaii 96766
18

19

20    Official Court Reporter:      Cynthia Fazio, RMR, CRR
                                    United States District Court
21                                  P.O. Box 50131
                                    Honolulu, Hawaii 96850
22

23

24
      Proceedings recorded by machine shorthand, transcript produced
25    with computer-aided transcription (CAT).
```

```
 1   FRIDAY, FEBRUARY 10, 2006                          9:39 A.M.
 2            THE CLERK:  Criminal 03-00048DAE, United States of
 3   America versus defendant one, Deon Joseph.
 4            This case is being called for a hearing on a Motion to
 5   Withdraw Guilty Plea.
 6            Counsel, please make your appearances for the record.
 7            MS. SAMESHIMA:  Yes, good morning, Your Honor.
 8   Beverly Wee Sameshima on behalf of the United States, together
 9   with Special Agent Mylene Oconer of the Bureau of Immigration
10   and Customs Enforcement.
11            THE COURT:  All right.
12            MR. ZENGER:  Morning, Your Honor.  Mark Zenger on
13   behalf of defendant Deon Joseph, who is also present.
14            THE COURT:  Okay.  You ready to proceed?
15            MR. ZENGER:  Your Honor, prior to proceeding I think I
16   need to put something on the record.
17            In my consultation with Mr. Joseph -- first of all,
18   let me go back.
19            I submitted to the court an exhibit list with five
20   exhibits on it, tabbed; one for the court and one for the
21   witnesses when they get on the stand.
22            THE COURT:  Uh-huh.  Yes, I've got that.
23            MR. ZENGER:  And we went through this, I went through
24   this with Mr. Joseph last night in detail.  Last night, though,
25   he informed me that he feels that because we do not have the
```

```
 1   correspondence between the Immigration and Customs and the DEA
 2   or whoever -- what other agencies were dealing with the other
 3   three defendants, that I will be unable to properly
 4   cross-examine the witnesses here today.  I disagree with that
 5   assessment, however my -- my client has instructed me to ask to
 6   continue this hearing and to seek discovery of those documents.
 7             MS. SAMESHIMA:  Your Honor, there's no such documents.
 8   That's irrelevant to the issue that we're here for.  I think
 9   it's a delay tactic, a transparent delay tactic.
10             THE COURT:  The motion is denied.
11             MR. ZENGER:  Thank you, Your Honor.
12             THE COURT:  You may proceed.
13             THE DEFENDANT:  (Indicating).
14             THE COURT:  No, Mr. Joseph, you have a lawyer, your
15   lawyer speaks in court.
16             THE DEFENDANT:  Well --
17             THE COURT:  No, Mr. Joseph, sit down.
18             THE DEFENDANT:  I would like to --
19             THE COURT:  Mr. Joseph, sit down.  The motion has been
20   made; the motion is denied.
21        Yes, let's proceed.
22             MR. ZENGER:  Yes.  Would you like the government to go
23   first or the defense?
24             MS. SAMESHIMA:  Your Honor, it's his burden, he needs
25   to put on his evidence.
```

```
 1              THE COURT:  Yes.
 2              THE DEFENDANT:  (Indicating).  Your Honor, I don't
 3   want Mr. Zenger as my attorney anymore, Your Honor.  If -- if
 4   this court -- I would like this court to grant me another
 5   attorney; if not, I would like to go pro se.
 6              THE COURT:  Okay.  What is your problem with
 7   Mr. Zenger?
 8              THE DEFENDANT:  We're unprepared to even go through
 9   this process.  I met Mr. Zenger 7:30 last night.  We had
10   2 weeks to prepare for this -- for this hearing.  I have no
11   idea -- I have -- I have very little idea of the questions that
12   he is going to ask the witnesses here.  At least we should
13   have -- my perspective of it, we should have at least sat down
14   and go over the questions that we're going to ask the witnesses
15   here today.
16              I'm very uncomfortable just being here with
17   Mr. Zenger.  And I say that in light of the letters that I've
18   written to the court also previously.  And those letters that
19   I've written to the court, Your Honor, I would like those
20   letters to be sent to the disciplinary committee as soon as
21   possible.  I would like to go through that proceeding first,
22   Your Honor, if I may.
23              But as far as being with Mr. Zenger, I can't do that
24   anymore.
25              THE COURT:  Sit down.
```

```
 1              Mr. Zenger?
 2              MR. ZENGER:  You want me to respond to that?
 3              THE COURT:  Well --
 4              MR. ZENGER:  I have gone through this in excruciating
 5   detail with him.  My questions are contained in a declaration
 6   that was filed long ago; he has a copy of it, he's had a copy
 7   of it.  We talked about it when we were here last time.  I met
 8   with him last night, we went through it again.  I could spend
 9   24 hours a day 7 days a week with this gentleman and it
10   wouldn't be enough for him.  I'm prepared, I'm ready to go.
11              THE DEFENDANT:  I mean that's good but how many -- how
12   many -- how many hours have you spent with me?  It's good to
13   say that he can spend 24 hours a day, but how many -- how many
14   hours have you actually spent with me?  How many times have I
15   called his office trying to get in touch with him?
16              THE COURT:  Well, the harsh reality of life is that
17   you have a court-appointed lawyer, his job is to represent you
18   competently.  So far, as I can see, he's represented you not
19   just competently but very competently.  He is not at your
20   beckon call 24/7.  He is not supposed to be sitting out there
21   at wherever you're -- at the Federal Detention Center waiting
22   for you.
23              The key is whether he is prepared, he knows what the
24   issues are, he's ready to cross-examine and examine witnesses,
25   he has prepared a very thorough list here, very professionally
```

1   done, and I don't see that he could have done any more.  He's
2   not supposed to come out there and just sit with you whenever
3   you feel like it, Mr. Joseph, so that you can have your lawyer
4   sitting out there with you.  That's just not the way it works.
5           THE DEFENDANT:  Understandable, Your Honor, but that's
6   not what I'm asking for.  And -- and this goes in line with the
7   previous letter that I -- the previous letters that I filed
8   with the court about the other attorneys.
9           I mean it seems like this -- I mean it seems like this
10  is a deliberate tactic of mine to delay -- like the counsel
11  just said, to delay this -- this proceedings.  This is not a
12  tactic of mine.  If it was up to me we would have had a trial
13  as soon as they said they weren't going to do what they
14  promised to do.
15          THE COURT:  All right.  Well, Mr. Joseph, what the
16  court is going to do in this case is, because Mr. Zenger has
17  been put in an almost untenable position by you, you've
18  threatened to take him to the Disciplinary Counsel.
19          THE DEFENDANT:  That's not a threat, Your Honor.  I
20  would like those letters to be sent to --
21          THE COURT:  No, if you're going to send something to
22  Disciplinary Counsel, you send it yourself.
23          THE DEFENDANT:  Okay.
24          THE COURT:  I want to let you know, however, ahead of
25  time, that my -- your petition, at least insofar as this court

1   is able to discern, lacks absolute merit and that this court
2   will oppose vigorously any imposition of sanctions against
3   Mr. Zenger for attempting to represent you because he has
4   represented you competently and professionally as far as I'm
5   concerned.
6          So you can go file your disciplinary proceeding
7   against him, but I'm going to be witness number one for
8   Mr. Zenger insofar as his professionalism in this court.
9          Now, I want to ensure that you get a fair proceeding,
10  Mr. Joseph.  So I am going to -- and I also want to relieve
11  Mr. Zenger of the burden of having to deal with you any
12  further, but I'm going to direct that a new lawyer be appointed
13  for you immediately.  That lawyer is going to be your last
14  lawyer.  If you don't get along with that lawyer, you're going
15  to proceed without one.
16          THE DEFENDANT:  Can I -- is it possible, Your Honor,
17  for me to -- everything that I've written in those letters, is
18  it possible for me to take a polygraph, everything that I've
19  written in those letters?
20          THE COURT:  Look, Mr. Joseph, I'm not ordering any
21  polygraphs.
22          THE DEFENDANT:  Well, if -- well, if I'm lying, Your
23  Honor -- if I'm not lying, how can -- how can those letters not
24  be looked at seriously if I'm not lying?
25          THE COURT:  Mr. Joseph, look, you asked for a new

1   lawyer.  I'm granting your request.  That's all you're entitled
2   to.  Probably not even entitled to that, but I'm going to give
3   it to you.  So you will get a new lawyer.
4           THE DEFENDANT:  I understand what you're saying, Your
5   Honor, and I appreciate you giving me a new lawyer, but it
6   seems -- it seems to me like what -- the perception I'm getting
7   that I'm a problem to the court, that I'm lying to the court.
8   And all I'm asking for is to take a polygraph to show that I'm
9   not lying everything that I've written to this court.
10          THE COURT:  Well, you know, the truth of the matter is
11  that in fairness to you I'm going to recuse myself from further
12  proceedings in this matter because I have formed an opinion
13  about your credibility, and I believe you lack, utterly lack
14  credibility.  And I think it would not be fair for you, given
15  my view that you utterly lack credibility, to continue on as a
16  judge in this case.  To my knowledge this is the first time in
17  my entire career that I've had to recuse myself for this
18  circumstance.  There may have been one other time where I've
19  done it.  But I find your attitude and your demeanor to be
20  offensive to Mr. Zenger unnecessarily.
21          Mr. Zenger and I are not close friends.  I want you to
22  know that.  I don't think I've ever seen Mr. Zenger socially
23  outside of the courtroom.  He and I -- he doesn't call me up on
24  a weekly basis.  Mr. Zenger and I don't have lunch.  We've
25  never had lunch to my knowledge, unless we were sitting at the

1   same table at some Bar function.
2           But when I see a lawyer unjustly -- who has been
3   working very hard with a recalcitrant defendant to try to get
4   them a fair trial accused of essentially unprofessional conduct
5   and malpractice, it is quite disturbing to me.
6           I think what you want is to delay these proceedings.
7   I don't think there's any merit to what you've suggested.  I do
8   not believe you.  And I think that for me to continue on in
9   this case would not be fair to you or to the principles that I
10  believe in so strongly in this court.
11          It is incumbent upon a judge under the canons of
12  professional responsibility applicable to judges to recuse
13  themselves if they believe that they cannot be fair and
14  impartial.  Given your conduct so far in this case I must say I
15  do not think that there would be an appearance of impartiality
16  on my part.  I think I could be fair to you, I think I would be
17  fair to you because I've never been unfair to any defendant,
18  even those that have accused me of things.  But I think there
19  would be an appearance of potential partiality because I
20  definitely have formed an opinion as to your credibility, and I
21  don't think you have any.
22          THE DEFENDANT:  So you -- you formed an opinion upon
23  my credibility --
24          THE COURT:  Yes.
25          THE DEFENDANT:  -- upon my attitude, not the contents

```
 1   of what I have said.  Because nobody --
 2            THE COURT:  Because I don't think that you're telling
 3   the truth --
 4            THE DEFENDANT:  Nobody has proved me to be a liar so
 5   far and I'm asking to take a polygraph.
 6            THE COURT:  Yeah, well, okay.  So, I'm going to
 7   continue this matter, order that another -- recuse myself.  I'm
 8   going to send the matter to the Chief Judge for reassignment
 9   and I'm going to request that the magistrate appoint a new
10   lawyer.  I'm going to relieve Mr. Zenger of his responsibility.
11   I'm going to grant your motion to get a new lawyer.  So
12   Mr. Zenger will be out of the case.
13            THE DEFENDANT:  One more thing, Your Honor.  Can I ask
14   the court for a full and complete discovery of my case?
15            THE COURT:  No.
16            THE DEFENDANT:  Of everything in my case?
17            THE COURT:  No.  I'm not going to do anything further
18   in this case with you.  You ask the new judge, whoever that may
19   be, for whatever relief you think that judge needs to give you.
20   All right?
21            MS. SAMESHIMA:  Your Honor, my concern is, and I know
22   the court understands this, this is now the -- will be the
23   fifth lawyer in this case.  And as the court can see from
24   letters that the court's received from this defendant, he's
25   complained about every single lawyer that he's had.
```

```
 1            THE COURT:  Yes, I understand.  Mr. Joseph is --
 2            MS. SAMESHIMA:  This is the end of the line.  I don't
 3   want this case to go on for another year, Your Honor.  I've
 4   been living with this case for --
 5            THE COURT:  Ms. Sameshima, you and I are in the same
 6   frame of mind about Mr. Joseph.  That's why I'm having to
 7   recuse myself because I think Mr. Joseph lacks credibility.  I
 8   think he's been stalling and delaying.  I find him to --
 9            MS. SAMESHIMA:  Well, Your Honor, the government's
10   case is being prejudiced.  I've got all three prior attorneys
11   here today.  I had to subpoena them here today.  I have
12   Ms. Hassell here today.  Mr. Joseph knew that coming in.
13            THE COURT:  I know.
14            MS. SAMESHIMA:  We were ready to give him his day in
15   court.
16            THE COURT:  Okay.  Mr. Joseph, the court, quite
17   frankly, has heard enough from you.  So I'm going to order that
18   you sit down.
19            THE DEFENDANT:  Okay, Your Honor.
20            MS. SAMESHIMA:  And I know -- I can understand the
21   court's position and I respect it, but I have to state the
22   government's position.  We've been through this delay and I
23   think delays are going to prejudice our case.
24            THE COURT:  I -- I understand that, but these lawyers
25   understand that they have a job to do and they're officers of
```

```
 1   the court and they will be back because they -- they recognize
 2   that these things happen.  But we're living in the Ninth
 3   Circuit and, quite frankly, the Ninth Circuit bends over
 4   backwards to cater to, occasionally, these kinds of issues, you
 5   know.  I mean I'm not saying -- I'm not saying every judge does
 6   because most of the judges in the Ninth Circuit are wonderful,
 7   but there are a few who think, I guess, that if a defendant
 8   requests a new lawyer they should get one, regardless of how
 9   many lawyers they've been through.
10           You know, I mean just -- I'm just judging from the
11   opinion -- that's my personal opinion, has nothing to do with
12   my role as a judge.  And if this comes up on a panel and it
13   ends up two or three years down the road and a Ninth Circuit
14   panel composed of maybe one or more of these judges who believe
15   that I should have granted him a new lawyer and not recused
16   myself from the case and -- or denied him the request, then
17   your case would really be prejudiced because by that time
18   memories would have faded dramatically.  And Mr. Joseph would
19   come back and he would get a whole new whack at it and you'd be
20   in a situation where it would be very difficult for you to
21   recapture your witnesses.  That would be worse.
22           In this instance, at least, this will be taken care of
23   expeditiously.  I can assure you it will be taken care of
24   expeditiously because I do not want this thing dragging on any
25   further.  And Mr. Joseph is, unfortunately, attempting to
```

```
 1   manipulate the system, and he's done a pretty good job of it so
 2   far.  And if nothing else, you know, you got to give him credit
 3   for that I guess.  Good manipulator.
 4           But the bottom -- the bottom line is that I cannot
 5   stay in this case given the fact that there is an appearance of
 6   impartiality -- lack of partiality -- lack of impartiality on
 7   my part and partiality on my part because I have indicated and
 8   I do feel that Mr. Joseph has no credibility.  Now, how can I
 9   preside over his motion under those circumstances?  I can't.
10   Not fairly.
11           MS. SAMESHIMA:  Your Honor, that's -- I take your
12   representation that you'll get this on the right track and I'll
13   look forward to -- to finishing this case.
14           THE COURT:  Chief Judge Gillmor will be back in town,
15   I understand, on Monday.  She's been out of town.  But I will
16   refer the matter to her.  I will ask her to move expeditiously
17   in reassigning this matter.
18           In the meantime we're going to get a new magistrate
19   judge to -- we're going to get a magistrate judge to appoint
20   him a new lawyer today.  That will be done today.  And -- what,
21   Mr. Joseph?
22           THE DEFENDANT:  You keep saying I have no credibility
23   now --
24           THE COURT:  You don't have any credibility.
25           THE DEFENDANT:  I keep asking for a polygraph.
```

```
 1                THE COURT:  Mr. --
 2                THE DEFENDANT:  And that's another thing.  You keep
 3     saying that I'm prolonging the case.  I've waited for attorneys
 4     to come see me for 30 days at a time.
 5                THE COURT:  Mr. Joseph, you know what, it doesn't make
 6     any difference what I say because what I say isn't going to be
 7     of any consequence to you one way or the other.  I'm not the
 8     one that's going to judge this.  You're going to be judged by a
 9     different judge and you're going to get -- a panel of the Ninth
10     Circuit will review whatever that judge does.  It isn't going
11     to be me.  So don't worry about it.
12                THE DEFENDANT:  I just -- with all due respect, Your
13     Honor, you know, I have -- I came into -- it seems like I have
14     no respect for the process, but -- and no respect --
15                THE COURT:  Mr. Joseph, you've been through five
16     lawyers.  Do you know how many defendants have been through
17     five lawyers that I know of?  Complaining about each and every
18     one?  It seems like as far as you're concerned, Mr. Joseph, the
19     only one who is right here is you and everybody else in the
20     world is wrong.
21                THE DEFENDANT:  What if I'm telling the truth, Your
22     Honor?
23                THE COURT:  Yeah, okay.
24                THE DEFENDANT:  Does that account for anything?
25                THE COURT:  All right.  Take him out.
```

```
 1          (The proceedings concluded at 9:56 a.m., February 10,
 2   2006.)
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                 COURT REPORTER'S CERTIFICATE
 2
 3         I, CYNTHIA FAZIO, Official Court Reporter, United
 4   States District Court, District of Hawaii, Honolulu, Hawaii, do
 5   hereby certify that the foregoing pages numbered 1 through 15
 6   is a correct transcript of the proceedings had in connection
 7   with the above-entitled matter.
 8
             DATED at Honolulu, Hawaii, March 10, 2006.
 9
10
11                       /s/ Cynthia Fazio
                        CYNTHIA FAZIO, RMR, CRR
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```